Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

***Attorneys for Plaintiff, Robert Bohlke,
and all others similarly situated***

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BOHLKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>      vs.<br><br>SOUTHERN CALIFORNIA EDISON COMPANY; and DOES 1-10, inclusive<br><br>Defendant(s). | Case No.<br><br>**Class Action**<br><br>**Complaint for Violations Of:**<br><br>**1. The Fair Credit Reporting Act, 15 U.S.C. §§1681, et seq.**<br><br>**2. The California Consumer Credit Reporting Agencies Act, *Cal. Civ. Code* §§1785.1, et seq.**<br><br>**Jury Trial Demanded** |

### Introduction

1.     Plaintiff ROBERT BOHLKE (hereinafter "Plaintiff") brings this class action against Defendant SOUTHERN CALIFORNIA EDISON COMPANY (hereinafter "Defendant") under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") and the California Consumer Credit

Reporting Agencies Act (the "CCCRAA") alleging that Defendant reported negative information that was inaccurate on Plaintiff's and similarly situated class members' credit reports in violation of the FCRA and CCCRAA.

2.     Plaintiff seeks statutory, actual, and punitive damages for himself and class members, injunctive and declaratory relief, and attorneys' fees and costs.

### Jurisdiction and Venue

3.     The Court has jurisdiction over Plaintiff's FCRA cause of action pursuant to 28 U.S.C. §1331, and supplemental jurisdiction over Plaintiff's CCCRAA claim pursuant to 28 U.S.C. §1367.

4.     Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant does business within the Central District of California, a substantial part of the events giving rise to Plaintiff's causes of action against Defendant occurred within the Central District of California, and because Plaintiff is a resident of Los Angeles County, California, which is within the Centrals District of California.

### The Parties

5.     Plaintiff is a natural person residing in Los Angeles County, State of California, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and California Civil Code §1758.3(b).

6.      At all relevant times herein, Defendant SOUTHERN CALIFORNIA EDISON COMPANY (hereinafter "Defendant") regularly provided information to consumer reporting agencies and is therefore an "information furnisher" and a "person" as defined by the FCRA and CCCRAA.

7.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d) and "consumer credit reports" as defined by California Civil Code §1758.3(c).

///

**CLASS ACTION COMPLAINT**

## Factual Allegations

8.      At various and multiple times prior to the filing of the instant complaint, Defendant reported negative information that was inaccurate on Plaintiff's credit report. This resulted in a negative effect on Plaintiff's credit score.

9.      Defendant alleges Plaintiff owes a debt for home utility services. Plaintiff denies he is responsible for the alleged debt Defendant is attempting to collect.

10.      Plaintiff moved out of the home in question in 2011.  The home was short sold, and Plaintiff disconnected the utility services, in 2012.  Defendant first reported the account past due in May of 2014.

11.      In May of 2014, Defendant entered a notice of non-payment with the Credit Reporting Agencies, as that term is defined by 15 U.S.C. §1681a(f),  on Plaintiff's credit report.

12.      Shortly thereafter, Plaintiff wrote to the credit reporting agencies disputing the validity of the reporting furnished by Defendant.

13.      On multiple occasions, Plaintiff unsuccessfully disputed the validity of the reporting, in writing, to the Credit Reporting Agencies.

14.      In December of 2019, Defendant re-reported the notice of non-payment as if it were a new occurrence.

15.      Plaintiff contacted the Credit Reporting Agencies and again disputed the reporting.

16.      Plaintiff was advised by the Credit Reporting Agencies they could not help him as he had previously disputed the reporting.  They advised Plaintiff to contact Defendant directly and request the removal of the negative reporting.

17.      Plaintiff contacted Defendant, denied he was responsible for the alleged debt, and requested the removal of the reporting from the Credit Reporting Agencies.

**CLASS ACTION COMPLAINT**

18.    Defendant's representative insisted that Plaintiff was responsible for the debt and advised Plaintiff that it is Defendant's normal business practice to renew negative reporting on consumers in perpetuity until the debt is resolved.

19.    The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

20.    Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to various Credit Reporting Agencies.

21.    Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

22.    Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.    Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown; and

    b.    Decreased credit score which may result in inability to obtain credit on future attempts.

    c.    Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

23.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

24.    At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the

4
**CLASS ACTION COMPLAINT**

1    rights of Plaintiff herein.

2         25.    Defendant's conduct was a direct and proximate cause, as well as a

3    substantial factor, in causing the injuries, damages and harm to Plaintiff that are

4    outlined more fully above, and as a result, Defendant is liable to compensate

5    Plaintiff for the full amount of statutory, actual and punitive damages, along with

6    attorneys' fees and costs, as well as such other relief permitted by law.

7         26.    Further, Defendant failed to notify Plaintiff of their intention to

8    report negative information on their credit reports.  Defendant then failed to

9    correct the disputed information within thirty days of Plaintiff's dispute of that

10   information.

11        27.    Defendant continues to furnish false information to the credit

12   reporting agencies and failed to perform a reasonable reinvestigation of Plaintiff's

13   dispute and account history to discover its error Defendant thereafter maintained

14   that Plaintiff's past due status was accurate and that the information on Plaintiff's

15   credit report is correct.

16        28.    As a result of the above violations of the FCRA, Plaintiff suffered

17   and continue to suffer injury to Plaintiff's feelings, personal humiliation,

18   embarrassment, mental anguish and emotional distress, and Defendant is liable to

19   Plaintiff for Plaintiff's actual damages, statutory damages, and costs and

20   attorney's fees.

21        29.    Plaintiff is informed, believes and based thereon alleges that

22   Defendant has a systemic policy and practice of reporting a consumer's existing

23   debt as a new occurrence on consumer credit reports thereby damaging their

24   credit.

25   ///

26   ///

27   ///

28   ///

**CLASS ACTION COMPLAINT**

## Class Allegations

30.    Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class"):

> All persons whose consumer credit report from any of the three
> major credit reporting agencies reflects an inaccurate consumer
> credit report message by Defendant where existing negative
> credit report information is reported as a new occurrence.

31.    Specifically excluded from the proposed Class are Defendant; any entities in which Defendant has a controlling interest; and the employees, officers, directors, affiliates, legal representatives, subsidiaries, and affiliates of Defendant. The Class' claims are based on the FCRA and the CCCRAA.

32.    This action is brought and may be properly maintained as a class action.

33.    This action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements for a class action.

34.    The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of the Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the Class includes thousands of members.  Plaintiff alleges that the Class members may be ascertained by the records maintained by Defendant.

35.    Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

> a. Whether the defendants violated various provisions of the FCRA

6
**CLASS ACTION COMPLAINT**

and the CCCRAA;

b. Whether Defendant has a policy of pulling credit reports without the authorization or consent of individuals;

c. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

36.    Plaintiff is asserting claims that are typical of the Class because every other member of The Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to statutory damages up to $1,000.00 in addition to actual damages and reasonable attorneys' fees and costs.

37.    Plaintiff will fairly and adequately protect the interests of the members of the Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

38.    A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the

**CLASS ACTION COMPLAINT**

court system, and protects the rights of each Class member.

39.     The prosecution of separate actions by thousands of individual Class members would also create the risk of inconsistent or varying adjudications with respect to, among other things, the need for and the nature of proper disclosures which Defendant must provide to all Class members when attempting to collect alleged debts.

40.     The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

41.     Defendant has acted or refused to act in respects generally applicable to the Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT I: VIOLATION OF THE FAIR CREDIT REPORTING ACT

(By Plaintiff and the Class Against All Defendants)

42.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

43.     Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681s-2(b):

    a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and,

    b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

44.     In addition, 15 U.S.C. § 1681s–3, states in relevant part, "[a]ny

person that receives from another person related to it by common ownership or affiliated by corporate control a communication of information that would be a consumer report may not use the information to make a solicitation for marketing purposes to a consumer about its products or services…" By disclosing Plaintiff and class members' information to third parties who are soliciting to them, Defendant has violated this provision.

45.    As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs.

## COUNT II: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### (By Plaintiff and the Class Against All Defendants)

46.    Plaintiff incorporates by reference all of the proceeding paragraphs.

47.    California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

48.    California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

49.    California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the

**CLASS ACTION COMPLAINT**

consumer.

50.    Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

51.    Based on these violations of Civil Code § 1785.25 (a), Plaintiff and the Class Members are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendants, and each of them:

    a.  That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

    b.  For statutory damages of for Plaintiff and each member of The Class;

    c.  For actual damages according to proof;

    d.  For reasonable attorneys' fees and costs of suit;

    e.  For prejudgment interest at the legal rate; and

    f.  For such further relief as this Court deems necessary, just, and proper.

## Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, hereby does demand a jury trial.

Dated: March 23, 2020

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**